Henderson, Chief-Justice.
 

 Giving to the testimony its greatest weight, it proves only that the widow agreed to forego her right to dower, and take the fifty acres of land devised to her in her husband’s will, in consideration of certain promises made to her by the executors, in regard to building her a house on the fifty acres, giving her a horse, some stock and some family supplies
 
 ;
 
 and that they have not fully performed their promises : and that
 
 in making
 
 these promises and
 
 in failing
 
 to fulfil them,
 
 no fraud was intended
 
 on the purchaser of the land, or any other person. I think that such a case affords no ground of relief to the purchaser. No assurance wras given that the land was free from the widow’s ■claim of dower. It was khown however that there was a widow, for she was present at the sale; and knowledge that there was a widow, was knowledge of her rights. The plaintiff was. therefore a purchaser with full notice. If indeed it had been proclaimed, in order to enhance the price, that the widow had consented to forego her claim to dower, then as those promises were the cause of such consent, they ought to have fulfilled them. But it appears, that nothing was said about the widow’s dower. The defendants sold, and the plaintiff bought, subject to that claim; and there being no fraud, there is no ground to rescind the contract.
 

 Per Curiam. — .Decks® aeeibmee. •